UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHY SPATOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-576-JSD |
| | ) |
| MARTIN O'MALLEY, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant.[1] | ) |
| | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying the application of Kathy Spatola ("Spatola") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. For the reasons stated herein, the Court affirms the Social Security Administration's denial of Spatola's claim for DIB.

**I.  Background**

On November 4, 2020, Spatola applied for DIB, alleging a disability beginning October 25, 2020, due to colitis. (Tr. 17, 134-35, 150-54) The agency initially denied her claims, and on reconsideration she appealed to an Administrative Law Judge ("ALJ"). (Tr. 74-102). On February 3, 2022, Spatola received a telephone hearing before an ALJ. (Tr. 31-60)

On March 25, 2022, the ALJ entered a decision adverse to Spatola, finding she was not entitled to DIB. (Tr. 14-30) The ALJ found Spatola had the medically determinable impairments of lymphocytic colitis, anxiety, and insomnia. (Tr. 20) At the second step of the sequential

---

[1] Martin O'Malley is now the Commissioner of Social Security. He is automatically substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d).

evaluation process, the ALJ found that Spatola did not have a severe impairment or combination of impairments that significantly limits her ability to perform basic work activities under 20 C.F.R. §§ 404.1521, *et seq*. (Tr. 20-24) Likewise, the ALJ found that Spatola had not been under a disability, as defined in 20 C.F.R. § 404.1520(c), from October 25, 2020, through the date of the decision. (Tr. 25-26)

On February 15, 2023, the Appeals Council denied Spatola's request for a review. (Tr. 1-6) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Spatola filed this appeal on May 2, 2023. (ECF No. 1)  On June 12, 2023, Spatola filed a Brief in Support of Plaintiff's Complaint. (ECF No. 17) The Commissioner filed a Brief in Support of the Commissioner's Decision on January 22, 2024. (ECF No. 18)

As to Spatola's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.

**II.     Legal Standard**

The Social Security Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him,

or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### III.   Discussion

In the opinion, the ALJ found that Spatola did not engage in substantial gainful activity after her alleged onset date of October 25, 2020. The ALJ determined that Spatola had the medically determinable impairments of lymphocytic colitis, anxiety, and insomnia. The ALJ

3

completed only two steps of the five-step analysis, finding that Spatola did not have a severe physical or mental impairment and, therefore, was not disabled. (Tr. 19-26)

Spatola's arguments in support of remand is three-fold. First, she argues that the ALJ's RFC finding was not supported by substantial evidence, even though the ALJ never made an RFC determination since the case was decided at the second step. Next, Spatola contends that the ALJ did not properly consider "opinion evidence." Finally, Spatola claims that the ALJ failed to make a proper pain evaluation.  As discussed herein, these arguments fail upon review and the Court affirms the ALJ's decision as supported by substantial evidence.

### A.   ALJ's Decision is Supported by Substantial Evidence

Spatola argues that the ALJ's decision did not "adequately explain how the evidence supports the fact that plaintiff's colitis does not cause more than a minimal effect on her ability to work." (ECF No. 17 at 4) Spatola claims that the ALJ's opinion presents "random citation[s] of evidence without explaining how it impacted the conclusion." *Id*.

The Court finds that the ALJ's opinion that Spatola's colitis has only a minimal effect on her ability to work is supported by substantial evidence. "The key issue is whether the Commissioner's decision is supported by substantial evidence in the record as a whole." *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006) (citing *Sultan v. Barnhart,* 368 F.3d 857, 862 (8th Cir. 2004)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (citing *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). In determining whether evidence is substantial, this Court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Travis*, 477 F.3d at 1040 (citing *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000)). "If substantial evidence supports the

4

Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

Under the regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."20 C.F.R. § 404.1520c(a).  Rather, when evaluating the persuasiveness of medical opinions and prior administrative medical findings, ALJs look at the supportability and consistency of those findings. *Id.*  "An ALJ may 'discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "The Commissioner may also assign 'little weight' to a treating physician's opinion when it is either internally inconsistent or conclusory." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Chesser v. Berryhill*, 858 F.3d 1161, 1164-65 (8th Cir. 2017)).

Contrary to Spatola's argument, the evidence before the Court demonstrates that the ALJ considered, evaluated, and incorporated her testimonial and medical evidence when evaluating the effect of Spatola's colitis on her ability to work.  "After considering the evidence of record," the ALJ found that Spatola's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however[,] [Spatola's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent for the reasons explained in the decision."

Upon evaluation, the ALJ discerned that hearing testimony and Spatola's claims of disability did not reflect the magnitude of her symptoms presented to her medical care providers.

5

Indeed, the ALJ went through a careful and thorough analysis of Spatola's medical records in determining that her colitis was not disabling.

Specifically, at her primary care physician appointment on November 5, 2019, Spatola complained of diarrhea, but her labs were within "reasonable limits." At her primary care examination on December 5, 2019, she reported her diarrhea had improved since being placed on a steroid treatment and her exam was normal. (Tr. 21-22) Her BMI had increased to 21.36. At her February 5, 2020 gastroenterology follow up appointment, Spatola reported an improvement in her diarrhea, and she denied abdominal pain, back pain, blood in her stool, fever, or weight loss. (Tr. 22) Her doctor decreased her Budesonide prescription and recommended Questran. At her April 7, 2020 gastroenterology appointment, Spatola reported diarrhea, with bowel movements four times per day, and her frustration at being dependent upon Budesonide. (Tr. 22) At her primary care appointment on June 10, 2020, Spatola reported her colitis was better on medication, increased bruising, and her anxiety was stable on her medication. (Tr. 22) Spatola's BMI was 21.5 and the remainder of her exam was normal. (Tr. 22) At her September 15, 2020 appointment, her colitis was marginally controlled with diet and medication, her BMI was 20.37 and the remainder of her examination was normal. (Tr. 22) Her anxiety was stable on medication. On October 20, 2020, Spatola saw her gastroenterologist, reported that her colitis was improved on daily Imodium, no longer used Budesonide, and she had gained weight. (Tr. 22) A November 9, 2020 CT scan of Spatola's abdomen showed air-fluid levels consistent with diarrhea. (Tr. 22) On December 16, 2020, Spatola had a colonoscopy, which showed mild and subtle colitis changes. (Tr. 22) She also had an endoscopy, which was normal. (Tr. 22) A December 30, 2020 Grayscale and Color Doppler Ultrasound of Spatola's right upper quadrant was normal, and a CT scan of her abdomen again showed air-fluid levels consistent with

diarrhea. (Tr. 22) On March 15, 2021, Spatola reported anxiety during her a visit with her primary physician. (Tr. 23) The visit notes showed that Spatola's anxiety was stable on medications, she was in good spirits. She reported that she was refurbishing furniture, and her colitis was improved on Mesalamine. (Tr. 23) Her examination was normal, and her medications were continued without change. (Tr. 23) On April 23, 2021, Spatola had a physical consultative examination with nurse practitioner Rachel Dibooglu. (Tr. 23) The nurse practitioner diagnosed Spatola with colitis but did not provide any work-related functional limitations. (Tr. 23) On September 22, 2021, Spatola was seen by her primary care physician, who noted her anxiety, insomnia, and colitis were stable on medication. (Tr. 24) No medication changes were made. (Tr. 24)

Thus, as noted throughout Spatola's examinations, her physical findings at every primary care appointment were normal. Further, the records indicate that Spatola was prescribed and took medications for her physical and mental impairments, and those treatments have been relatively successful in controlling her symptoms. As noted the by ALJ, Spatola reported that her colitis was much improved on medication, taking Imodium just once daily, and discontinuing any steroid use. *See Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) (quoting *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004)("'If an impairment can be controlled by treatment or medication, it cannot be considered disabling.'").

The Court finds that the ALJ properly assessed Spatola's medical records and determined that her symptoms from colitis did not significantly limit her ability to perform work. *See Kirby v. Astrue,* 500 F.3d 705, 707 (8th Cir.2007) ("An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a); *Berry v. Colvin*, 74 F.

7

Supp. 3d 994, 997 (N.D. Iowa 2015). Indeed, Spatola had limited medical treatment by her primary physician and her gastroenterologist. Although her medications were changed a few times, her colitis seemed to be well-controlled by Imodium by the end of her treatment. Her most recent visit to Nurse Practitioner Dibooglu did not list any work-related restrictions. Thus, the Court finds that there was substantial support for the ALJ's determination that Spatola's physical impairments, particularly her colitis, did not impact her daily activities and was not disabling.

The ALJ also considered Spatola's documented, but adequately controlled mental status. (Tr. 25) The ALJ discerned that her medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas and the evidence did not otherwise indicate that there was more than a minimal limitation in Spatola's ability to do basic work activities, such that her impairments were deemed nonsevere. (Tr. 25). The Court holds that the record supports a finding that Spatola was not disabled due to her mental impairments, given the evidence of effective treatments and lack of disabling symptoms. The Court holds that the ALJ's determination is supported "by substantial evidence on the record as a whole." *Buford v. Colvin*, 824 F.3d 793, 795 (8th Cir. 2016) (citing *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011); *Harris v. Barnhart*, 356 F.3d 926, 928 (8th Cir. 2004)).

In sum, the Court finds that substantial evidence supports the ALJ's finding. "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Wiese v. Astrue,* 552 F.3d 728, 730 (8th Cir.2009); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). Here, there was sufficient evidence documenting Spatola's symptoms and impairments, which supported the ALJ's decision that Spatola's conditions were adequately controlled by medication, and she was not disabled. The ALJ's determination fell within the zone of choice, which this

8

Court will not disturb. *See Winship v. Saul*, No. 4:20-CV-00039-MDH, 2021 WL 1055196, at *2 (W.D. Mo. Mar. 19, 2021) (citing *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) ("Courts 'defer heavily to the findings and conclusions of the Social Security Administration' and will disturb the Commissioner's decision only if it falls outside the 'zone of choice.'").

### B. Opinion Evidence

The ALJ relied upon the opinions issued by state agency reviewing physicians regarding Spatola's mental and physical limitations at the initial and reconsideration stages of her application. The state agency review physicians were Barbara Markway, Ph.D. (Tr. 65), Charles Watson, Psy.D (Tr. 72), Donna McCall, D.O., and Renu Debory, M.D. (Tr. 64). The ALJ found these state medical and psychological consultant opinions to be persuasive because they are "consistent with the other evidence in the record, including the successful use of treatment to manage her symptoms, her own reports of daily activities that were not significantly limited as well as the normal objective findings." (Tr. 25)

Spatola complains that the ALJ relied on these state agency reviewing physicians and addressed the consistency of the opinions but did not discuss the supportability of the opinion or how plaintiff's daily activities are consistent with the state agency opinions and the ALJ's conclusions. (ECF No. 17 at 5-6) Spatola claims that the records from Dr. Erik Thyssen at Specialists in Gastroenterology and Dr. Howard Kohn at BJC Medical Group including multiple biopsies, colonoscopies, CTs, and an ultrasound provide objective evidence in support of Spatola's subjective complaints of pain. (ECF No. 17 at 6-8) Spatola asserts that the exams show that she suffers from colitis, as confirmed by her ongoing diarrhea and her weight loss resulting from a steroid treatment (Budesonide). Spatola further acknowledges notations in the record that

9

her symptoms were improved with medications. (ECF No. 17 at 8) However, Spatola argues that these records do not support the ALJ's conclusions that Spatola's "pain was under control or that she was no longer having diarrhea." (ECF No. 17 at 8-9) Spatola claims that, although her episodes of diarrhea decreased from 10 to 4 accidents per day in 2020, her symptoms were not under control. Spatola also contends that changes to her medications indicate that her symptoms were in flux. (ECF No. 17 at 9) Further, Spatola proposes that her daily activities relied on by the ALJ failed to take note that she has "good days and bad days" and her inability to function on bad days should have been considered (ECF No. 17 at 9-10) Thus, Spatola asserts that "[t]he ALJ failed to adequately explain how the supportability and consistency factors were considered." (ECF No. 17 at 10)

An ALJ may "discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir.2000) (internal quotations and citations omitted). Considering the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision to rely on state agency reviewing physicians' assessments that Spatola retained the ability to perform work. *See Gonzales v. Barnhart*, 465 F.3d 890, 896 (8th Cir. 2006).

The Court has already discussed Spatola's medical records from her primary care physician and gastroenterologist, which did not support a finding of disability because the treatments were effective in controlling her symptoms. Thus, the Court concludes that these records support the opinions of the reviewing state physicians.

Likewise, the records regarding Spatola's daily activities were also not indicative of disabling mental or physical impairments. The ALJ noted that Spatola could manage her own

10

personal care; remember to take medication; prepare daily meals; perform household chores; run errands (post office, grocery shopping) a few times per week; drive; go out alone; shop in stores and by phone for groceries, clothes, and gifts. (Tr. 21, 168-75) She shopped for groceries every 10 days for 1-2 hours, leaving the remaining shopping by phone and computer. (Tr. 21) She could manage her finances, watch television, read, occasionally go to estate sales. (Tr. 21) She did not require any assistance filling out her disability forms. (Tr. 21)

Thus, in addition to the objective medical evidence, the ALJ found that the whole record, particularly Spatola's daily activities were not indicative of disabling impairments. Indeed, Spatola appeared to lead a relatively normal and independent life full of travel, hobbies and grandchildren. Although her conditions needed to be controlled by medication, the record did not demonstrate that symptoms were uncontrolled or interfered with her ability to perform work. The Court finds the ALJ's opinion is adequately supported and consistent with the record and should be affirmed.

### C. Subjective Symptoms (Pain)

The ALJ concluded that the objective evidence did not substantiate Spatola's subjective pain complaints. (Tr. 24) Indeed, Spatola admitted that "her exams have been relatively normal throughout the period in question." (ECF No. 17 at 11) The ALJ also concluded that Spatola's medications have been effective in controlling her symptoms. (Tr. 24) Finally, the ALJ discerned that Spatola's daily activities were not limited to the extent one would expect from a person with disabling symptoms and limitations. (Tr. 24)

Spatola disagrees and argues that the ALJ did not properly evaluate her subjective pain complaints. Spatola references its prior position that her improvements from medication do not demonstrate that she was able to maintain employment. (ECF No. 17 at 11) Spatola claims that

11

the ALJ's discussion of claimant's daily activities failed to present and discuss the *Polaski*[2] factors when making any credibility determinations. (ECF No. 17 at 12) Spatola further argues the daily activities relied upon by the ALJ "did not consume a substantial part of a plaintiff's day." (ECF No. 17 at 12) Although the ALJ stated that she analyzed Spatola's subjective pain complaints pursuant to the requirements of SSR 16-3p and 20 C.F.R. §404.1529, Spatola claims that the ALJ gave weight to only one of the *Polaski* factors—objective medical evidence. Spatola claims that her "subjective complaints may not be disregarded *solely* because they are not supported by the objective medical evidence" but only "if they are inconsistent with the evidence as a *whole*." (ECF No. 17 at 14 (emphasis in original)) Spatola claims that her pain complaints were supported by objective evidence including: biopsies, medications, CT scan, colonoscopies and ultrasound. (ECF No. 17 at 15) Spatola stated that the ALJ conducted "no evaluation of the other factors including work history; duration, frequency, and intensity of pain; precipitating and aggravating factors; or functional restrictions." (ECF No. 17 at 15)

The Eighth Circuit has addressed the requirements for dealing with subjective pain complaints:

> A disability claimant's subjective complaints of pain may be discounted if inconsistencies in the record as a whole bring those complaints into question. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). In assessing the credibility of a claimant's subjective pain complaints, an ALJ is to consider factors including the claimant's prior work record; the claimant's daily activities; observations of the claimant by third parties and treating and examining physicians; the duration, frequency, and intensity of the claimant's pain; precipitating and aggravating factors; the dosage, effectiveness, and side effects of the claimant's medication; treatment, other than medication, for relief of the

---

[2] *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

>   claimant's pain; and functional restrictions on the claimant's activities. *See id.* Although "an ALJ may not disregard [a claimant's] subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a[c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Ramirez v. Barnhart,* 292 F.3d 576, 581 (8th Cir.2002) (internal citation omitted); *see also Goodale v. Halter,* 257 F.3d 771, 774 (8th Cir.2001) (noting that an ALJ may discount subjective complaints if there are inconsistencies in the evidence as a whole), *cert. denied,* 535 U.S. 908, 122 S.Ct. 1212, 152 L.Ed.2d 149 (2002).

*Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006)

In this case, the ALJ discredited Spatola's subjective complaints of pain after considering all the evidence in the record. Applying the *Polaski* factors described above, the ALJ specifically described the evidence supporting the adverse credibility determination. *Gonzales*, 465 F.3d at 895. As previously discussed, the ALJ detailed the limited objective medical testing, Spatola's notable daily activities, and the improvement of her conditions with treatment and medication. Although the absence of objective medical evidence is not dispositive of whether a claimant suffers from subjective complaints, the ALJ can consider the absence of objective medical evidence supporting the claimed impairments. (Tr. 21-25) *See* 20 C.F.R. §404.1529(c)(2) ("Objective medical evidence of this type is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms, such as pain, may have on your ability to work. We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); *Ramirez v. Barnhart,* 292 F.3d 576, 581 (8th Cir.2002) (internal citation omitted) (Although "an ALJ may not disregard [a claimant's] subjective pain allegations solely

13

because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a [c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary.").

In addition, the ALJ emphasized that Spatola's reported daily activities were inconsistent with her complaints of disabling limitations. 20 C.F.R. § 404.1529(c)(3)(i) (ALJ considers daily activities when evaluating symptoms). As previously discussed, Spatola lived with her retired husband but performed various housework, traveled, managed her finances, shopped, read, and watched television.

Further, the record showed the medications, lately over-the-counter Imodium, were largely successful in managing Spatola's symptoms of colitis. Similarly, Spatola reported that her anxiety was controlled by medication, with no indication that it was disabling. (Tr. 24, 238, 240-41, 244, 247, 292)

Finally, the ALJ noted Spatola's inconsistent statements. Spatola reported limitations with lifting, squatting standing, kneeling, and stair climbing, and that her wrists were weak. (Tr. 24, 173) However, the ALJ noted that Spatola's physical findings were normal at every primary care visit and, at her consultative examination, she had no tenderness in the back and her straight leg raising was negative. (Tr. 24, 238-66, 292-94)

Thus, although Spatola accuses the ALJ of only discussing the objective medical evidence in dismissing her subjective pain complaints, the record clearly shows that the ALJ considered Spatola's daily activities, improvement with treatment, and her inconsistent statements.

The Court 'will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain.'" *Goff v. Barnhart*, 421 F.3d 785,

14

792 (8th Cir. 2005)(quoting *Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir.2001)); *see also Pearsall v. Massanari,* 274 F.3d 1211, 1218 (8th Cir.2001) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). In this case, the ALJ considered Spatola's subjective complaints of pain but found independent reasons, each supported by substantial evidence, to discredit those complaints. Accordingly, we conclude that the ALJ properly discredited Spatola's subjective complaints of pain. (Tr. 21-25; ECF No. 17 at 14-15.

### IV. Conclusion

Based on the foregoing, the Court finds that the ALJ's decision was based on substantial evidence in the record as a whole and should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **AFFIRMED**. A separate Judgment will accompany this Order.

**IT IS FURTHER ORDERED** that the Clerk shall reflect on the docket that Martin O'Malley, Commissioner of Social Security, is the proper defendant pursuant to Fed. R. Civ. P. 25(d).

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of August, 2024.